**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

GERALD VICKERS,                                  )
                                                 )
                    Plaintiff,                   )
          vs.                                    )          1:05-cv-1426-DFH-JMS
                                                 )
STEVE STOOPS,                                    )
                                                 )
                    Defendant.                   )

**Entry Discussing Motion for Summary Judgment**

For the reasons explained in this Entry, the defendant's motion for summary
judgment must be **denied.**

**Discussion**

This is an action in which the plaintiff alleges that the defendant police officer used
constitutionally excessive force during the course of the plaintiff's arrest in Anderson,
Indiana, in February 2004. As noted, the defendant seeks resolution of the plaintiff's claim
through the entry of summary judgment. Summary judgment is proper "if the pleadings,
depositions, answers to interrogatories and admissions on file, together with the affidavits,
if any, show that there is no genuine issue as to any material fact and that the moving party
is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,*
477 U.S. 317, 322 (1986); *Ill. Cent. R. Co. v. South Tec Dev. Warehouse, Inc.,* 337 F.3d
813, 816 (7th Cir. 2003). In viewing the facts presented on a motion for summary judgment,
a court must construe all facts in a light most favorable to the non-moving party and draw
all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom
Mid-Am., Inc.,* 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.,* 42 F.3d
439, 443 (7th Cir. 1994); *Beraha v. Baxter Health Care Corp.,* 956 F.2d 1436, 1440 (7th
Cir. 1992). A court's role is not to evaluate the weight of the evidence, to judge the
credibility of witnesses, or to determine the truth of the matter, but instead to determine
whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S.
242, 248 (1986); *Doe,* 42 F.3d at 443.

Plaintiff Vickers' version of the pertinent events is the following: On February 14, 2004, Vickers was at 1704 Fulton Street, in Anderson, Indiana. He was involved in an altercation with Mr. Odoms, who was also a guest in that home but who was unknown to Vickers. The altercation left Odoms stabbed in the abdomen and Vickers with a knife cut to his right hand. Vickers left that address on foot and headed toward his own home. When approximately 100 yards from his home, Vickers was approached from behind by defendant Steven Stoops, who was at that time an officer with the Anderson Police Department. Officer Stoops ordered Vickers to go to the ground. Vickers did so. After doing so, Officer Stoops told Vickers to put his hands behind his head. Vickers did so. After doing so, Officer Stoops issued an order to his police K-9, a German Shepherd, to "go get him." The K-9 paused, and then bit deeply into Vickers' left thigh. This bite was followed with the K-9 biting into Vickers' left bicep. Officer Stoops then recalled the K-9, other police arrived, and Vickers was taken to the hospital by ambulance.

Officer Stoops' version of the incident is different in some respects and is entirely benign as to any injury having been inflicted on Vickers by the police K-9. For the present purpose, however, Vickers' account of the incident must be credited.

Vickers' claim is asserted pursuant to 42 U.S.C. § 1983. The court has subject matter jurisdiction over the claim pursuant to 28 U.S.C. §§ 1331 and 1343(3). "Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

The Fourth Amendment to the United States Constitution provides: "The right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated." This provides the pertinent constitutional provision governing the claim against Officer Stoops. *Graham v. Connor,* 490 U.S. 386, 396 (1989)("[A]ll claims that law enforcement officers have used excessive force--deadly or not--in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard."). Vickers does not dispute that his arrest was lawful, and such an arrest justified the use of force by Officer Stoops necessary to effectuate the arrest, for a police officer's ability to make a stop or an arrest "necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Id.* Nonetheless, the Fourth Amendment prohibits the use of excessive force during the execution of a seizure. *Id.* at 395. *See Estate of Phillips v. City of Milwaukee,* 123 F.3d 586, 592-93 (7th Cir. 1997) (where an offender is resisting arrest, an officer can use that amount of force necessary to overcome the offender's resistance), *cert. denied,* 522 U. S. 1116 (1998).

In order to decide whether the amount of force used during a seizure is "excessive," a court examines the totality of the circumstances to determine whether the intrusion on the citizen's Fourth Amendment interests was justified by the countervailing government interests at stake. *See Lanigan v. Village of E. Hazel Crest,* 110 F.3d 467, 475 (7th Cir. 1997).

Whether excessive force was used is evaluated under the "objective reasonableness" standard, through which courts assess whether the actor's actions were objectively reasonable "in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397; *Chapman v. Keltner,* 241 F.3d 842, 847 (7th Cir. 2001). Factors which are relevant to this evaluation include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham,* 490 U.S. at 396. Ultimately, the excessive force inquiry "looks to whether the force used to seize the suspect was excessive in relation to the danger he posed--to the community or to the arresting officers--if left unattended." *McDonald v. Haskins,* 966 F.2d 292, 294 (7th Cir. 1992); *see also Lanigan v. East Hazel Crest,* 110 F.3d 467, 475 (7th Cir. 1997).

*Jacobs v. City of Chicago,* 215 F.3d 758, 773 (7th Cir. 2000).

Crediting Vickers' version of the encounter between himself and Officer Stoops (solely for the purpose of resolving Officer Stoops' motion for summary judgment), Vickers was responsive to Officer Stoops' directions to stop, Vickers went to the ground when directed to do so by Officer Stoops, Vickers put his hands behind his head when directed to do so, and only then did Officer Stoops issue a command to the K-9 to "go get" Vickers. At that point, the K-9 began a series of bites to Vickers, first in the left thigh and then in the left biceps. As was the case in *Sallenger v. Oakes,* 473 F.3d 731, 741 (7th Cir. 2007), "[i]n combination, if not separately, these . . . facts are sufficient to allow a reasonable fact finder to determine that the force exerted by the officer[ ] was objectively unreasonable, thereby depriving [Vickers] of his Fourth Amendment right to be free from unreasonable seizure."

Because Officer Stoops seeks summary judgment on the basis of qualified immunity, however, the court must determine whether Vickers' right to be free from the excessive force exerted by Officer Stoops was "clearly established" at the time of the incident. If the right was *not* clearly established, he is still entitled to qualified immunity. *Id.* at 739. Viewing the facts in the light most favorable to Vickers, the proper question is whether a reasonable officer would have known that permitting the K-9 to inflict bites to Vickers after Vickers had indicated his surrender, made no aggressive moves toward the officer and made no moves to indicate flight, violated Vickers' Fourth Amendment right to be free from excessive force. Because it has long been well established that a police officer may not continue to use force against a suspect who is subdued and complying with the officer's orders, *see, e.g., Champion v. Outlook Nashville, Inc.,* 308 F.3d 893 (6th Cir. 2004) (police sat on a prone, restrained man and continued to pepper spray him for seventeen minutes); *Drummond v. City of Anaheim,* 343 F.3d 1052 (9th Cir. 2003) (police knocked Drummond to a prone position, one police officer knelt on him with both knees on his back, another officer placed one knee on Drummond's neck, and the officers laughed at Drummond's protests that they were choking him); *Frazell v. Flanigan,* 102 F.3d 877 (7th Cir. 1996) (officers kicked Frazell and beat him repeatedly with their night sticks after he was restrained), *overruled on other grounds by McNair v. Coffey,* 279 F.3d 463 (7th Cir. 2002), it must be concluded that the  answer to the foregoing question is "Yes," and that Officer Stoops is not entitled to qualified immunity.

The objective reasonableness test under the Fourth Amendment "requires careful attention to the facts and circumstances of each particular case." *Graham v. Connor,* 490 U.S. 386, 396 (1989). That has been done in this case. For the reasons described above, and without making any determination as to whether the use of force to apprehend Vickers was constitutionally excessive, Officer Stoops' motion for summary judgment must be **denied.** In connection with this ruling, the Court of Appeals also noted in *Sallenger,* 473 F.3d at 742:

> [S]ince the *Graham* reasonableness inquiry nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom, we have held on many occasions that summary judgment or judgment as a matter of law in excessive force cases should be granted sparingly.

So it is here. The defendant's motion for summary judgment is **denied.**

So ordered.

DAVID F. HAMILTON, Judge
United States District Court

Date:    3/26/2007

Distribution:

David Allen Happe
LOCKWOOD WILLIAMS & HAPPE
happelaw@insightbb.com

Richard  Walker
walkerlaw@sbcglobal.net

Gerald C. Vickers
DOC #873442
Indiana State Prison
P. O.Box 41
Michigan City, IN 46391